<u>**UNPUBLISHED**</u>

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 14-2194**

———————

JUAN HERNANDEZ-PANEDA, a/k/a Juan Hernandez,

      Petitioner,

    v.

LORETTA E. LYNCH, Attorney General,

      Respondent.

———————

On Petition for Review of an Order of the Board of Immigration Appeals.

———————

Submitted:  May 26, 2015           Decided:  June 10, 2015

———————

Before MOTZ, GREGORY, and WYNN, Circuit Judges.

———————

Petition denied in part and dismissed in part by unpublished per curiam opinion.

———————

Eileen P. Blessinger, Heather M. Cleary, BLESSINGER LEGAL, PLLC, Falls Church, Virginia, for Petitioner.  Joyce R. Branda, Acting Assistant Attorney General, Ernesto H. Molina, Jr., Assistant Director, Dana M. Camilleri, UNITED STATES DEPARTMENT OF JUSTICE, Washington, DC, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Juan Hernandez-Paneda, a native and citizen of Mexico, petitions for review of an order of the Board of Immigration Appeals ("Board"), dismissing his appeal from the immigration judge's ("IJ") order denying his motion to reopen and reconsider. We deny in part and dismiss in part the petition for review.

It is uncontested that Hernandez-Paneda is removable for having two convictions with an aggregate sentence of five years or more. Immigration and Nationality Act ("INA") § 212(a)(2)(B); 8 U.S.C. § 1182(a)(2)(B) (2012). We do not have jurisdiction to review any final order of removal against an alien who is removable by reason of having committed a criminal offense covered in 8 U.S.C. § 1182(a)(2) (2012), which includes two or more offense for which the aggregate sentence was five years or more. See 8 U.S.C. § 1252(a)(2)(C) (2012). Also, we do not have jurisdiction to review the discretionary denial of relief under INA § 212(h); 8 U.S.C. § 1182(h) (2012). See 8 U.S.C. § 1252(a)(2)(B)(i). Despite these jurisdictional bars, under 8 U.S.C. § 1252(a)(2)(D) (2012), we can consider "constitutional claims or questions of law." Mbea v. Gonzales, 482 F.3d 276, 278 n.1 (4th Cir. 2007) (internal quotation marks omitted).

Insofar as Hernandez-Paneda raises a legal challenge to the finding that his conviction for involuntary manslaughter/DUI was a violent or dangerous crime, see 8 C.F.R. § 1212.7(d) (2014), upon de novo review, Turkson v. Holder, 667 F.3d 523, 527 (4th Cir. 2012), we find that the Board did not err in agreeing with the IJ's finding and deny in part the petition for review. See, e.g., Waldron v. Holder, 688 F.3d 354, 359 (8th Cir. 2012). Hernandez-Paneda's remaining arguments are not constitutional claims or questions of law. We are without jurisdiction to consider those arguments and dismiss in part the petition for review.

Accordingly, we deny in part and dismiss in part the petition for review. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

<u>PETITION DENIED IN PART</u>
<u>AND DISMISSED IN PART</u>